UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CALENTURE, LLC,
and MARK RUBENSTEIN,

     Plaintiffs,

  v.

EOS ENERGY ENTERPRISES, INC.
(*f/k/a B. Riley Principal Merger Corp. II*),

     Defendant.

No. 21-cv-1416
(ECF Case)

**COMPLAINT
under Section 16(b) of the
Securities Exchange Act,
15 USC 78p(b)**

---

Plaintiffs CALENTURE, LLC and MARK RUBENSTEIN (collectively, "Plaintiffs"), by their undersigned attorneys, as and for their Complaint herein, respectfully allege as follows on knowledge as to themselves and their own acts and on information and belief as to all other matters:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to the provisions of Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b) ("the Act"), as well as under Section 27 and other relevant Sections of the Act).

2. Venue is proper in this Court pursuant to Section 27 of the Act, 15 U.S.C. § 78aa. The common stock of Defendant EOS Energy Enterprises, Inc. ("EOS Energy") is registered and traded on the NASDAQ, an exchange headquartered within the District. Some or all of the transactions giving rise to EOS Energy's Section 16(b) recovery and some or all of the services rendered by the Plaintiffs' counsel for which payment is sought in connection with that recovery, as described in the Claim for Relief, occurred (or will occur) in whole or in part within this District.

## THE PARTIES

3. Defendant EOS Energy (formerly a special purpose acquisition company or "SPAC" known as B. Riley Principal Merger Corp. II) is a Delaware corporation with principal offices at: 3920 Park Avenue, Edison NJ 08820.

4. Each of the Plaintiffs is a shareholder of Eos Energy.

5. At all relevant times, the issued and outstanding shares of common stock of Eos Energy were registered pursuant to Section 12(b) of the Securities Exchange Act, 15 U.S.C. § 78*l*(b), and directors, officers and 10% shareholders of Eos Energy were subject to reporting and compliance under Section 16 of the Securities Exchange Act, 15 U.S.C. § 78p.

## CLAIM FOR RELIEF

6. On November 6, 2020, B. Riley Financial, Inc. and various affiliated entities (collectively, "B. Riley"), which collectively and as members of a "group" within the meaning of Section 13(d) of the Act were more-than 10% "beneficial owners" and "insiders" of Eos Energy for purposes of Section 16(b), jointly filed a Form 4 with the SEC, which reported the following purchases and sales of shares of Eos Energy Class A common stock by B. Riley Securities, Inc.:

| Date | Transaction (Purchase or Sale) | Number of Shares (Purchased or Sold) | Price /Share |
|---|---|---|---|
| November 4, 2020 | Purchase | 490,000 | $10.08 |
| November 5, 2020 | Purchase | 1,037,633 | $10.10 |
| November 6, 2020 | Purchase | 100 | $10.11 |
| November 6, 2020 | Purchase | 10,300 | $10.10 |
| November 6, 2020 | Purchase | 4,900 | $10.10 |
| November 6, 2020 | Purchase | 754,002 | $10.10 |
| November 6, 2020 | Sale | 740,000 | $10.25 |

7. On November 6, 2020, following the filing of the Form 4 report referenced in the above Paragraph, counsel for Plaintiff Calenture sent a demand letter by e-mail to Eos Energy, requesting that Eos Energy recover short swing profits realized by B. Riley Financial Securities, Inc. from the purchases and sales described above.

8. On November 6, 2020, Daniel Shribman, general counsel for EOS Energy and chief investment officer of B. Riley Financial, Inc., called Plaintiff Calenture's counsel James Hunter, to discuss Plaintiff Calenture's Section 16(b) demand.

9. On November 10, 2020, Miriam Tauber, counsel for Plaintiff and EOS Energy shareholder Mark Rubenstein, returned Mr. Shribman's phone call and advised that she was an attorney working with Mr. Hunter on the Section 16(b) claim asserted in Plaintiff Calenture's demand. Ms. Tauber reiterated that the basis for the Section 16(b) claim was the trading reported by B. Riley Financial, Inc., which resulted in the realization of short swing profits subject to disgorgement to Eos Energy. In response to Mr. Shribman's inquiry concerning attorney's fees sought by shareholder counsel, Ms. Tauber clarified that fees would be expected to be paid by Eos Energy in an amount proportional to Eos Energy's recovery of short swing profits from B. Riley Financial as requested in the demand letter.

10. On November 12, 2020, Ms. Tauber sent Mr. Shribman an explanation of how profits were to be calculated for purposes of Section 16(b) and in response to Plaintiff's Section 16(b) demand.

11. On November 12, 2020, B. Riley Financial filed a Form 4 with the SEC (which was dated November 11, 2020), which reported the following additional purchases and sales by B. Riley Securities, Inc., along with additional transactions by the affiliates identified below:

| Date | Transaction (Purchase or Sale) | Number of Shares (Purchased or Sold) | Price /Share |
|---|---|---|---|
| November 9, 2020 | Redemption (sale) (by: B. Riley Securities, Inc.) | 1,527,633 | $10.10 |
| November 9, 2020 | Purchase (by: B. Riley Securities, Inc.) | 881,687 | $10.13 |
| November 9, 2020 | Purchase (by: BRC Partners Opportunity Fund, LP) | 200,000 | $10.126 |

12. On November 12, 2020, B. Riley filed another Form 4, which disclosed the following transactions in Eos Energy common stock by B. Riley Securities, Inc.:

| Date | Transaction (Purchase or Sale) | Number of Shares (Purchased or Sold) | Price /Share |
|---|---|---|---|
| November 10, 2020 | Purchase | 668,045 | $10.1197 |

| Date | Transaction (Purchase or Sale) | Number of Shares (Purchased or Sold) | Price /Share |
|---|---|---|---|
| November 10, 2020 | Sale | 2,050,000 | $10.12 |
| November 11, 2020 | Purchase | 419,971 | $10.1799 |
| November 12, 2020 | Purchase | 86,593 | $10.3306 |

13. On November 12, 2020, following the filing of the Form 4 report referenced in the above Paragraph, Ms. Tauber sent Mr. Shribman another email, which revised the calculation of short swing profits realized from the additional trading reported in the Form 4 report filed that day.

14. On November 18, 2020, B. Riley Financial, Inc. filed an amended Form 4/A report (which amended in its entirety a Form 4 filed by B. Riley on November 17, 2020). The amended Form 4/A report disclosed the following transactions in Eos Energy securities:

| Date | Transaction (Purchase or Sale) | Number of Shares (Purchased or Sold) | Price /Share |
|---|---|---|---|
| November 16, 2020 | Purchase (by: B. Riley Securities, Inc.) | 5,000 | $10.72 |
| November 16, 2020 | Purchase (by: B. Riley Securities, Inc.) | 5,000 | $10.7 |
| November 16, 2020 | Purchase (by: B. Riley Securities, Inc.) | 4,236 | $10.68 |
| November 16, 2020 | Purchase (by: BRC Partners Opportunity Fund, LP) | 140,000 | $10 |
| November 16, 2020 | Purchase (by: B. Riley Principal Investments, LLC) | 2,167,000 | $10 |
| November 16, 2020 | Purchase (by: B. Riley Financial) | 20,000 | $10 |
| November 16, 2020 | Purchase (by: Bryant R. Riley, as UTMA custodian for Charlie Riley | 5,000 | $10 |
| November 16, 2020 | Purchase (by: Bryant R. Riley, as UTMA custodian for Susan Riley) | 5,000 | $10 |
| November 16, 2020 | Purchase (by: Bryant T. Riley, as UTMA custodian for Abigail Riley) | 5,000 | $10 |
| November 16, 2020 | Purchase (by: Bryant T. Riley, as UTMA custodian for Eloise Riley) | 5,000 | $10 |

15.     The Form 4/A report filed on November 18, 2020 acknowledged that the reported trading resulted in short swing profits recoverable by Eos Energy under Section 16(b) and stated that all such profits would be disgorged. The Form 4/A did not state the amount of profit that would be disgorged or explain how such profits were to be calculated. Eos Energy did not respond directly to Ms. Tauber's correspondence regarding the outstanding Section 16(b) demand, which was not acknowledged in the Form 4/A.

16.     On November 19, 2020, Ms. Tauber again e-mailed Mr. Shribman, noting the additional transactions reported by the B. Riley entities, and attaching a preliminary computation of profits recoverable by the Company as a result of those transactions.

17.     On December 2, 2020, the B. Riley entities filed a Form 13D/A (Amendment #1) with the SEC, which disclosed the following additional transactions:

| Date | Transaction (Purchase or Sale) | Number of Shares (Purchased or Sold) | Price /Share |
|---|---|---|---|
| November 6, 2020 | Purchase (by: B. Riley Securities, Inc.) | 820,297 | $10.1093 |
| November 11, 2020 | Purchase (by: B. Riley Securities, Inc.) | 419,917 | $10.1799 |
| November 13, 2020 | Purchase (by: B. Riley Securities, Inc.) | 2,200 | $10.42 |
| November 16, 2020 | Purchase (by: B. Riley Securities, Inc.) | 14,236 | $10.7011 |
| November 16, 2020 | Purchase (by: Bryant R. Riley) | 50,000 | $10 |

18.     On December 23, 2020, Donald Chase at Morrison Cohen LLP sent a letter to Ms. Tauber, Mr. Hunter, and David Lopez (an attorney for another shareholder of Eos Energy). Mr. Chase introduced himself as counsel for Eos Energy, and referenced the outstanding Section 16(b) demand and Ms. Tauber's earlier correspondence with Mr. Shribman. Prior to Mr. Chase's December 23 letter, Ms. Tauber had not heard from Mr. Shribman since their November 10 phone call and had not otherwise received any response to her further correspondence—or even any

acknowledgment of the profit calculations and accompanying explanation sent to Mr. Shribman at his request.

19.     Mr. Chase's December 23 letter did not respond to the substance of Plaintiff's Section 16(b) demand, and only addressed Plaintiff's ancillary claim for "reimbursement of attorney's fees." Mr. Chase's letter took the position that attorney's fees were not payable to Plaintiffs' counsel because Plaintiff's demand was not a substantial motivating factor in generating Eos Energy's recovery of profits from B. Riley.

20.     On January 14, 2021, Ms. Tauber responded to Mr. Chase's December 23 letter, by requesting clarification as to whether profits were in fact disgorged by B. Riley and confirmation of such disgorgement. Ms. Tauber noted that a discussion of attorney's fees payable by Eos Energy in respect of any disgorgement was not warranted unless and until profits were in fact disgorged.

21.     On January 19, 2020, Mr. Chase responded by e-mail to Ms. Tauber, stating that "the short swing profits of B. Riley are being or have been disgorged" and that more details would be forthcoming.

22.     On January 22, 2020, Mr. Chase confirmed that a total of $431,757.62 was disgorged by B. Riley to Eos Energy, and provided Plaintiff's counsel with a wire transfer receipt evidencing such disgorgement. The amount disgorged by B. Riley represented short swing profits realized by B. Riley from the transactions reported on the Form 4 reports identified in Plaintiff's demand (and Plaintiff's counsel's further correspondence), and from the additional transactions reported by B. Riley following Eos Energy's receipt of Plaintiff's outstanding Section 16(b) demand.

23.     Plaintiff Calenture's original demand, which was sent on the same day as the November 6, 2020 Form 4 reports initially disclosing short swing trading by B. Riley, and the

further efforts of Plaintiff's counsel, in continuing to monitor B. Riley's public filings, demonstrating how short swing profits were to be calculated from B. Riley's ongoing trading, and insisting that Eos Energy duly investigate and promptly recover all short swing profits realized from any purchases and sales by B. Riley within periods of less than six months, substantially motivated Eos Energy's recovery of the profits owed by B. Riley in compliance with Section 16(b).

24. Eos Energy is required to pay reasonable attorneys' fees to Plaintiffs' counsel, in an amount proportional to the amount of Section 16(b) profits recovered by Eos Energy as a result of their efforts to enforce the statute on Eos Energy's behalf.

25. Each of the Plaintiffs are shareholders of Eos Energy and retained their respective undersigned counsel to investigate B. Riley's reported short swing trading in Eos Energy securities, to promptly make demand on Eos Energy regarding B. Riley's Section 16(b) violations, and to prepare all pleadings, proofs, and papers as may be necessary and proper to commence an action to recover short swing profits from B. Riley on behalf of Eos Energy in the event that Eos Energy failed or refused to recover the profits from B. Riley (or failed to institute, or diligently prosecute an action seeking to recover such profits) within 60 days of the Plaintiff's demand, as provided by Section 16(b).

26. Plaintiffs agreed to pay a fair and reasonable counsel fee to their respective counsel for legal services rendered, contingent upon Eos Energy's reimbursing Plaintiffs in the amount of the legal fees incurred.

27. By taking action to investigate and recover any short swing profits from B. Riley in response to Plaintiffs' demands, Eos Energy ratified and accepted the benefit of the services rendered by Plaintiffs' counsel. Accordingly, Plaintiffs are entitled to recover from Eos Energy a

fair and reasonable fee for the services contingently undertaken and diligently performed by their respective counsel, in an amount proportional to any recovery generated for Eos Energy's benefit.

28. Plaintiffs demand that Eos Energy pay their attorneys' fees in a total amount equivalent to approximately 25% of the recovery from B. Riley, i.e., 25% of $431,757.62, or total attorneys' fees of $107,939, which represents the fair and reasonable value of the legal services rendered by Plaintiffs' counsel for the benefit of Eos Energy.

29. The Plaintiffs seek no personal benefit but bring this action solely to recover the expenses contingently incurred by them, in an amount equal to the reasonable value of the legal services collectively rendered by their counsel, and solely for the purpose of paying for those services.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment:

(a) Against Eos Energy, and for the benefit of the Plaintiffs' undersigned counsel, for services and benefits conferred as described in the Claim for Relief in the total amount of $107,939, inclusive of out-of-pocket costs and disbursements, together with the costs of this action; and

(b) For such other, further, and/or different relief as the Court may deem just and proper.

Dated: New York, NY
February 17, 2021          Respectfully submitted,

s/ *Miriam Tauber*
Miriam Tauber (MT-1979)
885 Park Ave, #2A, New York NY 10075
(323) 790-4881 | MiriamTauberLaw@gmail.com

s/ *David Lopez*
David Lopez (DL-6779)
PO Box 323 | 171 Edge of Woods Rd.
Southampton, NY 11969
(631) 287-5520 | DavidLopezEsq@aol.com

s/ *James A. Hunter*
James A. Hunter (JH-1910)
42 Stagecoach Rd., Pipersville PA 18947
(484) 437-5935 | hunter@hunterkmiec.com

*Attorneys for Plaintiffs*